**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4571**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DOUGLAS THOMAS, JR.,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:13-cr-00009-NKM-1)

---

Submitted:  January 30, 2015          Decided:  February 11, 2015

---

Before WYNN, DIAZ, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Charlene R. Day, Assistant United States Attorney, Christopher R. Wilson, Third Year Law Student, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Thomas, Jr., appeals the district court's judgment revoking his supervised release and sentencing him to five months' imprisonment and four years' supervised release. Thomas contends that the imposition of an additional term of supervised release is substantively unreasonable because he has shown himself to be unable to comply with the terms of his supervised release. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. United States v. Crudup, 461 F.3d 433, 437-38 (4th Cir. 2006). In conducting this review, we assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Id. at 438. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Id. at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

2

We find that Thomas's past failure to comply with the conditions of supervised release does not render the district court's imposition of an additional term of supervised release substantively unreasonable. Cf. id. at 440 (holding that defendant's "admitted pattern of violating numerous conditions of his supervised release" justified more severe sentence). To the extent Thomas argues that it is impossible for him to comply with the terms of supervised release by refraining from using marijuana, the record does not support this contention, especially in view of the evidence that Thomas has never earnestly participated in substance abuse treatment. Accordingly, we find that Thomas's sentence is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED